## RONK v. RONK.

1. BASTARDS—SUPPORT—STATUTES—CONTRACTS.
   The statute providing for the maintenance of children born out of wedlock does not prevent interested parties from making their own agreement for the support of the child (3 Comp. Laws 1929, § 12910 et seq., as last amended by Act No. 52, Pub. Acts 1941).

2. SAME—ACKNOWLEDGMENT OF PATERNITY—DISMISSAL OF PROCEEDINGS—CONTRACT FOR SUPPORT—CONSIDERATION.
   Where putative father acknowledged his paternity of child about to be born out of wedlock, the dismissal of bastardy proceedings against him constituted consideration for his agreement to provide for the support of the child (3 Comp. Laws 1929, § 12910 et seq., as last amended by Act No. 52, Pub. Acts 1941).

3. SAME—SUPPORT—CONTRACTS—FINDING OF FACT—EVIDENCE.
   In nonjury action by mother of putative father against him for support of child, evidence supported trial judge's findings of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 7 Am. Jur., Bastards, §§ 73, 78.
[1-3] Promise to support or provide for illegitimate child, validity and enforceability of, 39 A.L.R. 434; and 159 A.L.R. 1404.
[2] 7 Am. Jur., Bastards, § 74.
[4] 3 Am. Jur., Appeal and Error, §§ 317, 327.

fact that defendant had entered into an oral agreement with her to help with the support of the child, that when child was 12 years old he agreed to pay for the full support of the child, and that $10 per week was the value thereof covering the period from December 7, 1944 to October, 1947 (3 Comp. Laws 1929, § 12910 *et seq.*, as last amended by Act No. 52, Pub. Acts 1941).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BASTARDS—SUPPORT —CONTRACTS—GRANDPARENTS.

Where the principal issue litigated in nonjury action by mother of putative father for support of his child was whether or not there was an express contract for such support and no claim is made on appeal that error was committed in the admission of testimony, whether or not the declaration alleged an express contract is not properly before the Supreme Court for determination on appeal since there was competent evidence to support finding there was an express contract for such support (3 Comp. Laws 1929, § 12910 *et seq.*, as last amended by Act No. 52, Pub. Acts 1941).

Appeal from Kent; Souter (Dale), J. Submitted June 17, 1948. (Docket No. 36, Calendar No. 44,046.) Decided September 8, 1948.

Assumpsit by Roseana Ronk against Monroe Ronk for support of defendant's minor child. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dilley & Dilley* (*Willis B. Perkins, Jr.,* of counsel), for plaintiff.

*Earl Glocheski,* for defendant.

SHARPE, J. This is an action by Roseana Ronk, also known as Rose Ronk, against Monroe Ronk, her son, for money claimed to be due for the support and maintenance of his minor daughter.

It appears that on or about January 25, 1932, defendant, Monroe Ronk, was arrested and charged with being the father of a child to be born out of wedlock. The complainant was Erma Van Hoose.

On January 28, 1932, an agreement was entered into by and between Erma Van Hoose, the expectant mother of the child, and Delose Ronk and Rose Ronk, parents of Monroe Ronk. The substance of the agreement was that Mr. and Mrs. Ronk were to take the child and support and care for it in their own home. The mother of the child agreed that she would give consent in the event of adoption. Plaintiff and her husband took the child into their home and cared for her. On December 7, 1944, Delose Ronk died and Roseana Ronk continued to care for the child after said date.

Plaintiff claims that at the time she and her husband took the child, defendant orally agreed to pay her what he could; that upon the death of plaintiff's husband, defendant agreed to take over the full support of the child; that during the first five years after the execution of the 1932 agreement, defendant paid approximately $1 per week for the care and support of the child; that during the succeeding seven years defendant paid approximately $3 per week for the support of said child; and that since December 7, 1944, he has not paid anything for such support.

The cause came on for trial without a jury and plaintiff adduced testimony in support of her claim. At the close of plaintiff's case, defendant's counsel made a motion to dismiss plaintiff's declaration "on the ground that plaintiff has failed to state a cause of action." The motion was denied and defendant testified in his own behalf. He admitted that before the written agreement was signed, he verbally agreed to help his parents out with the baby. He denied the making of any agreement with his mother after the death of his father relating to the support of the child.

The trial court entered judgment against defendant in the sum of $1,460 based upon 146 weeks at

$10 per week. In an opinion filed the trial court stated:

"I am convinced that that agreement was entered into just as the mother testified to, but as I say, up to December 7, 1944, the agreement was he pay what he could. We can't go back of that. But starting with December 7, 1944, he agreed, as I have mentioned, to take over the sole support of the child. That is his duty to support his child as he admits it to be his child in the written agreement, so dating from December 7, 1944 down to the date hereof, he will be charged with $10 a week."

Defendant appeals and urges that the putative father of an illegitimate child is under no common-law duty to support the child; and that the act for maintenance of children born out of wedlock, 3 Comp. Laws 1929, § 12910 *et seq.*, as amended by Act No. 8, Pub. Acts 1931, Act No. 154, Pub. Acts 1937, Act No. 253, Pub. Acts 1939 and Acts Nos. 52, 316, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1945, § 12910 *et seq.*, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 25.451 *et seq.*), makes exclusive and adequate provision for the enforcement of the duty of a father to support his illegitimate child.

The act does not prevent parties making their own agreement for the support of the child. The written agreement of 1932 was made between the mother of the child and Mr. and Mrs. Ronk. It recited: "The said Monroe Ronk admitting the truth of said allegations and expressing himself as being desirous of doing all within his power to make matters right and provide for the support of said child." At or about the time this agreement was entered into, Monroe Ronk acknowledged that he was responsible for the condition of the mother of the child and as a result of this agreement the proceedings against Monroe Ronk were dismissed.

Defendant also urges that the trial court was in

error in finding that a verbal agreement was entered into whereby he agreed to take over the sole support of the child.

Plaintiff testified that prior to the written agreement of 1932, she entered into a verbal agreement with defendant in which "he said if I would take this child to keep him from going to prison, that he would give me money, as much as he was able." "He gave me some money for her support. We relied upon that and took his word." Plaintiff further testified that at the time of her husband's death, December 7, 1944, "We had a conversation right at the funeral parlors and he said then he would give me more money and do more for me. He said he would do everything for me. I never needed to worry, that he would take care of Betty and do all he could for her."

There is testimony to support the finding of fact by the trial court that defendant entered into an oral agreement with his mother to help with the support of his illegitimate child; and that in December, 1944 he agreed to pay for the full support of the child. The value of such support as found by the trial court was $10 per week. We do not think this amount, covering the period from December 7, 1944, to October, 1947, was excessive for the support and clothing of a girl, taking into consideration that she was 12 years of age in December, 1944.

Defendant also urges that there is nothing in the declaration filed by plaintiff relating to an express contract or to the 1944 agreement. We note that during the trial, the court permitted plaintiff to introduce evidence in support of the express contract theory over the objection of defendant. The principal issue litigated in the trial of the cause was whether or not an oral agreement for the support of the child was entered into in 1932 and modified in December, 1944. Both plaintiff and defend-

ant offered testimony in support of their claims upon this contested issue. It is to be noted that defendant in his assignments of error states: "The court erred in finding that the plaintiff's declaration set forth a cause of action against the defendant." There is no claim on appeal that the trial court erred in its rulings on admission of testimony. In view of this fact there is competent evidence to sustain a finding of an express contract. Whether or not the declaration alleges an express contract is not properly before this Court for determination. See *Laughlin* v. *Michigan Motor Freight Lines,* 276 Mich. 545.

The judgment is affirmed, with costs to plaintiff.

Bushnell, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.